UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>    Plaintiff,<br><br>v.<br><br>J. LEBECK,<br><br>    Defendant. | No. 2:17-cv-1190 DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has neither paid the filing fee nor sought to proceed in forma pauperis. For the reasons set forth below, this court finds plaintiff fails to meet the standards to proceed in forma pauperis and must pay the filing fee if he wishes to proceed with this action.

**IN FORMA PAUPERIS STATUTE**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

1

> detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

### HAS PLAINTIFF ACCRUED THREE STRIKES?

Prior to the date plaintiff initiated this action on June 7, 2017, numerous judges in this court had found that plaintiff may not proceed with a civil rights action in forma pauperis because he has suffered at least three strikes. See, e.g., Bontemps v. Lebeck, No. 2:17-cv-0881 CMK (E.D. Cal. June 9, 2017); Bontemps v. Lawaya, No. 2:16-cv-2424 CKD P (E.D. Cal. Apr. 10, 2017); Bontemps v. Hicks, No. 1:16-cv-1854-EPG (E.D. Cal. Jan. 23, 2017); Bontemps v. Harper, No. 2:13-cv-0506-MCE-EFB, 2016 WL 1339577 (E.D. Cal. Apr. 5, 2016), report and reco. adopted, 2016 WL 3135840 (E.D. Cal. June 2, 2016); Bontemps v. Sotak, No. 2:09-cv-2115-MCE-EFB, 2015 WL 812360 (E.D. Cal. Feb. 25, 2015), report and reco. adopted, 2015 WL 1469870 (E.D. Cal. Mar. 30, 2015).

In Sotak, the court analyzed plaintiff's prior dismissed cases. This court has carefully reviewed the decision in Sotak and agrees with the analysis set out in that case. For the reasons stated in Sotak, the court finds plaintiff has suffered three strikes under § 1915(g).

////

////

2

**IS PLAINTIFF IN IMMINENT DANGER OF SERIOUS PHYSICAL INJURY?**

Because plaintiff has accrued three strikes, this court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed plaintiff's complaint filed June 7, 2017. Plaintiff states one claim that defendant confiscated plaintiff's canteen items as a form of retaliation. Plaintiff does not allege that he is at risk of any sort of physical injury. Therefore, plaintiff fails to meet the imminent danger exception to § 1915(g). Plaintiff may only proceed with this action if he pays the filing fee.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Within thirty days of the date of this order, plaintiff shall pay the $400 filing fee to proceed in this action.

////
////
////
////
////

3

2. Plaintiff's failure to pay the filing fee will result in a recommendation that this action be dismissed.

Dated: June 15, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/bont1190.3 strikes

4